**Lois Lacrone HILL, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

No. 03–15452.
D.C. No. CV–01–01764–MMC.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2004.*

Decided June 4, 2004.

James Hunt Miller, Esq., Oakland, CA, for Plaintiff–Appellant.

Dennis J. Hanna, Esq., Social Security Administration, San Francisco, CA, for DefendantAppellee.

Before O'SCANNLAIN, SILER,** and HAWKINS, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

MEMORANDUM ***

Hill appeals the district court's affirmation of the Administrative Law Judge's (ALJ) denial of her claim for disability benefits arguing that the ALJ improperly discounted the opinions of both her treating and examining physicians, and failed to make findings supported by substantial evidence that she was capable of continuing in her past relevant work. The treating physician's opinion was properly discounted for being tainted by Hill's discredited subjective complaints, *Fair v. Bowen,* 885 F.2d 597, 605 (9th Cir.1989), while the examining physician's opinion in question was a vocational opinion to which the ALJ owed no deference. 20 C.F.R. § 404.1527(e)(3).

However, in denying Hill's claim at the fourth step of disability analysis the ALJ evidently failed to reference *Pinto v. Massanari,* 249 F.3d 840 (9th Cir.2001). The ALJ's reliance on the vocational expert for findings on Hill's past relevant work was insufficient since the vocational expert only referenced the *Dictionary of Occupational Titles* (DOT) to describe the duties of Hill's past work. *Id.* at 846. The description Hill gave of her past duties did not directly conform to those jobs the vocational expert culled from the DOT, which is exactly the concern that *Pinto* addresses, particularly in relation to hand packaging jobs like Hill's. *Id.* Additionally, after finding that Hill was incapable of utilizing her hands on a repetitive basis, the ALJ found Hill capable of performing past relevant work that the DOT states requires constant use of the hands. *E.g.,* Code No. 211.462–014 (Cashier–Checker). Because the findings of the ALJ are not supported by substantial evidence, we reverse the district court and remand this case to the ALJ for further consideration with reference to *Pinto.*

REVERSED and REMANDED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.